In the United States District Court
For the Western District of Michigan
Southern Division

**Lena Bally**, et al.,

*Plaintiffs,*

*v.*

**Gretchen Whitmer**, in her official capacity
as Governor of Michigan, **et al.**

*Defendants.*

Case No.: 1:20-cv-01088

**Brief in Support of Motion to Expedite**

**EXPEDITED CONSIDERATION
REQUESTED**

# Brief in Support of Motion to Expedite

Plaintiffs Lena Bally, Steven Butler, Gavriel Grossbard, and Carol Hatch (collectively "Voters"), pursuant to Federal Rule of Civil Procedure 57, move for this Court to Order an expedited schedule, expedited discovery, and an expedited hearing on the merits of the Verified Complaint (ECF No. 1).

## Request for Prompt Scheduling Conference

Voters request a prompt scheduling conference to establish an expedited schedule for the resolution of this case.

## Request for Expedited Schedule

Voters will be irreparably harmed unless this matter is expedited. In Voters' Verified Complaint, Voters allege that their U.S. Constitutional right to vote has been infringed by vote dilution because of the number of illegal ballots that were cast and counted in the identified counties, which cast the result of the election for Presidential Electors in these counties, and overall in the state, in doubt and rendered it unascertainable. Voters have no remedy at law if the presidential-election results from the identified counties are included in the certified and reported

**Mot. to Expedite Br.**                        1

totals for election of Presidential Electors from this state. With the Presidential Electors expected to be certified by December 8, 2020 and to meet and vote on December 14, 2020, there is insufficient time for a new election in the counties involved so the appropriate remedy is to disallow the election results in the identified counties. Moreover, the Electoral College is governed by unique Constitutional and statutory provisions providing special procedures for moving the Electoral College vote along expeditiously since the presidency is at issue. So this case must be resolved expeditiously.

Voters proposed the following expedited schedule:

(1) All discovery requests and responses thereto, and all third party subpoenas and responses thereto shall be completed no later than November 18, 2020;

(2) A trial brief shall be filed with the Court by all parties no later than one business day prior to the scheduled trial on the merits;

(3) A trial on the merits shall be scheduled the week of November 23, 2020; and

(4) This Court will rule promptly on the matter after the trial.

**Request for Expedite Discovery**

Voters also will be irreparably harmed if discovery is not expedited, and have shown good cause described herein and in their Verified Complaint for such request. Voters' discovery is needed to perform a complete data analysis fully demonstrating that sufficient illegal ballots were included in the election results in identified counties to change or place in doubt the November 3 presidential-election results. Discovery under the usual timetable will result in delay of Voters' ability to gather time-sensitive and currently not publically available data. Expedited discovery is thus necessary for the suit to proceed under the Voter's proposed schedule. For these

**Mot. to Expedite Br.**                          2

reasons, Voters ask this Court to waive certain discovery rules in order to expedite discovery.

Specifically, Voters have presented evidence in their Verified Complaint (ECF No. 1) that sufficient illegal ballots were included in the election results in certain counties to alter or to place in doubt the November 3 presidential-election results. In addition to the evidence alleged in the Verified Complaint (ECF No. 1), Voters will provide additional evidence that sufficient illegal ballots were included in the results to change or place in doubt the November 3, 2020 presidential-election results. This evidence will be in the form of expert reports based on data analysis comparing state mail-in/absentee, provisional, limited ballot, and poll-book records for this election, which are currently not publicly available, with state voter-registration databases, United States Postal Service records, Social Security records, criminal justice records, driver records, and other governmental and commercial sources by using sophisticated and groundbreaking programs to determine the extent of illegal voters and illegal votes, including double votes, votes by ineligible voters, votes by phantom (fictitious) voters, felon votes (where illegal), non-citizen votes, illegal ballot harvesting, and pattern recognition to identify broader underlying subversion of the election results.

Voters have persons with such expertise and data-analysis software already in place who have begun preliminary analysis of available data to which final data, not currently publicly available such as the official poll list, will be added and reports generated. However, much of the information necessary for the expert report is not publicly available and is in the hands of Defendants or other government agencies. Expedited discovery is necessary to obtain this information. Voters intend to use expedited discovery to obtain the necessary information which is not publicly available for the expert reports.

**Mot. to Expedite Br.**                                    3

Accordingly, Voters request that this Court order expedition of all discovery according to the proposed schedule and waive certain discovery rules that would impede expedited discovery, as follows:

(1) Voters request that this Court waive the provisions of Federal Rule of Civil Procedure 26(a)(1) requiring initial disclosures and order that initial disclosures need not be made in order to expedite discovery;

(2) Voters further request that this Court waive the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and order that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1); and

(3) Voters further request that this Court waive the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permit third party subpoenas to be served immediately without prior notice.

**Conclusion**

For these reasons, Voters respectfully request that this Court order:

(1) All discovery requests and responses thereto, and all third party subpoenas and responses thereto, shall be expedited and completed no later than November 18, 2020;

(2) A trial brief shall be filed with the Court by all parties no later than one business day prior to the scheduled trial on the merits;

(3) A trial on the merits shall be scheduled the week of November 23, 2020,

(4) This Court will rule promptly on the matter after the trial, and

(5) With respect to discovery,

(a) The Court waives the provisions of Federal Rule of Civil Procedure 26(a)(1)

requiring initial disclosure and orders that initial disclosure need not be made in order to expedite discovery,

(b) The Court waives the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and orders that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1), and

(c) The Court waives the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permits third party subpoenas to be served immediately without prior notice.

Voters have attached a proposed order setting scheduling conference (attached as Ex. A) and a proposed order granting their motion to expedite (attached as Ex. B).

Date: November 12, 2020

Respectfully Submitted,

/s/ Maxwell Goss
Maxwell Goss (MI #P78594)
 max@maxwellgoss.com
Maxwell Goss, PLLC
370 E. Maple Rd., Third Floor
Birmingham, Michigan 48009
Telephone: 248/266-5879
*Local Counsel for Plaintiffs*

James Bopp, Jr. (IN #2838-84)*
 jboppjr@aol.com
Richard E. Coleson (IN #11527-70)**
 rcoleson@bopplaw.com
Courtney Turner Milbank (IN #32178-29)**
 cmilbank@bopplaw.com
True the Vote, Inc.
 Validate the Vote Project
THE BOPP LAW FIRM, PC
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: 812/232-2434
*Lead Counsel for Plaintiffs*

*\* Application for admission forthcoming*
*\*\*Application for admission pending*

**Mot. to Expedite Br.**                          6

## Certificate of Compliance

Pursuant to W.D. Mich. LCivR 7.3, I certify that the foregoing brief contains 1,119

words, as defined by LCivR 7.3(b)(I). WordPerfect 2020 was used the generate the word count.

/s/ Maxwell Goss
Maxwell Goss

## Certificate of Service

I hereby certify that on November 12, 2020, I caused the foregoing *Brief in Support of Motion to Expedite* in the above-captioned matter to be filed with the United States District Court for the Western District of Michigan, Southern Division, via the Court's CM/ECF system. I also hereby certify that I caused the foregoing to be served via first class mail, and via email when known, upon:

Governor Gretchen Whitmer
  governorsoffice@michigan.gov
111 S Capitol Ave
Lansing, MI 48933

Michigan Board of State Canvassers
  elections@michigan.gov
Jeannette Bradshaw
  jbradtwp2@gmail.com
Aaron Van Langevelde
  avanlangevelde@house.mi.gov
Norman D. Shinkle
  normshinkle@gmail.com
Julie Matuzak
  info@JulieMatuzak4Commissioner.com
Richard H. Austin Building, 1st Floor
430 W. Allegan
Lansing, MI 48918

Wayne County Board of County Canvassers
  clerkhelp@waynecounty.com
Monica Palmer
Jonathan C. Kinloch
  admin@mi13thdistrict.com
William Hartmann
Allen Wilson
2 Woodward Avenue, Suite 502
Detroit, Michigan 48226

Washtenaw County Board of Canvassers
  elections@washtenaw.org
Mary Hall-Thiam
  vicechair@washtenawdems.org
Malcolm Doug Scott
Dan Smith
Teena Weaver-Gordon
  teena.gordon@yahoo.com
220 North Main
Ann Arbor, MI 48104

Ingham County Board of Canvassers
  inghamclerk@ingham.org
Ted Lawson
Rebecca Bahar-Cook
  rbahar-cook@ingham.org
Joe Groff
Jude Wells
Barb Bynum
  inghamclerk@ingham.org
  clerkbyrum@gmail.com
Ingham County Courthouse
P.O Box 179, Mason, MI 48854

/s/ Maxwell Goss
Maxwell Goss

**Mot. to Expedite Br.**                     8